Argued February 21, affirmed April 23, 1979

## STATE ex rel STEVENSON, *Appellant,*

*v.*

## GHAWI, *Respondent.*

(No. 167 552, CA 12265)

593 P2d 1266

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Steven E. Benson, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

[827]

**ROBERTS, J.**

Plaintiff Labor Commissioner appeals from a judgment for defendant employer denying a wage claim which was assigned to him[1] by defendant's employe for collection.

Plaintiff's assignor (hereinafter employe) commenced work for defendant in June, 1975. Prior to commencing work employe and defendant agreed that employe would be compensated at the rate of $750 per month plus a 10% commission on mechanical work performed by employe. His hours of employment were to be from 8 a.m. to 7 p.m., six days per week. No agreement was made concerning the hourly rate of pay. Employe worked for defendant the remainder of 1975, averaging 60 hours of work per week. Commencing January 1, 1976, defendant agreed to pay employe $800 per month, with no commission. Employe worked until February 1, 1976 when employe and defendant agreed his employment would terminate.

The issue is whether overtime compensation was due and owing from defendant to employe where the agreement provides for a monthly salary and an average of 60 hours per week. Plaintiff argues that, absent a specific agreement specifying a regular hourly pay and an overtime rate, a fixed salary for all

---

[1] ORS 652.330(1)(b) provides:

"(1) The commissioner shall enforce ORS 652.310 to 652.405 and to that end he may:

"* * * * *

"(b) Take assignments, in trust, of wage claims or judgments thereon, liens and other instruments of security for payment of wages for the assigning employes, spouse, parent or legal guardian, having a right to the wages of such employe. All such assignments shall run to the commissioner and his successors in office. The commissioner may sue employers on wage claims and other persons or property liable for any payment thereof thus assigned with the benefits and subject to existing laws applying to actions by employes for collection of wages. He is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees. He may join in a single proceeding and in one cause of action any number of wage claims against the same employer. If the commissioner does not prevail in such action, he shall pay all costs and disbursements from the Bureau of Labor Account."

[829]

hours worked, including overtime hours, is violative of the rule requiring hours worked in excess of 40 per week to be compensated at a rate equal to one and one-half times the regular rate and, therefore, the fixed salary cannot be deemed to have included the overtime. On the other hand, defendant argues that where a specific agreement was entered into prior to the performance of services by the employe setting forth the monthly pay and number of working hours, and the amount paid the employe is equal to or greater than the minimum statutory wage,[2] the overtime requirement is met.

ORS 653.261(1) authorizes the Wage and Hour Commission to

" * * * issue rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employes. Such rules may include * * * maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of such employes when computed without benefit of commissions, overrides, spiffs and similar benefits."

Pursuant to this statute the Commission promulgated OAR 839-21-017, which provides:

"All work performed in excess of forty (40) hours per week by persons eighteen (18) years of age or older must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefit of commissions, overrides, spiffs and similar benefits."

Plaintiff argues that since argeements such as that before us have been found insufficient to satisfy the

---

[2] Employe worked 60 hours per week in 1975, entitling him to 40 hours regular pay at a minimum wage of $2.10 (ORS 653.035(2)) or $84, and 20 hours of overtime at time and a half or $63, for a total of $147 a week, a figure more than covered by his salary of $750 a month. In 1976 the minimum wage was $2.30 per hour (ORS 653.035(2)); thus plaintiff was entitled to $92 regular pay and $69 overtime for a total of $171 a week, a figure within his $800 monthly salary for that year.

overtime requirements of a similar federal statute, we should apply the same reasoning here. 29 USCA § 207(a)(1) provides:

"Except as otherwise provided in this section, no employer shall employ any of his employees * * * for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Under federal case law, a fixed salary will not be deemed to include the required overtime premium in the absence of an express agreement between employer and employe, entered into prior to the performance of the services, that specifies a regular hourly rate of pay and an overtime rate not less than one and one-half times the regular rate.[3] An after-the-fact computation which purports to show, based on the employe's fixed salary and the number of hours worked in a given week, that he was paid the equivalent of an hourly rate at least equal to the statutory minimum and an overtime rate not less than one and one-half times that hourly rate does not satisfy the federal maximum hours provision.[4]

However, the federal cases follow specific provisions of the Fair Labor Standards Act, 29 USCA 207(d)(e)(f), and specific regulations adopted by the Federal Wage and Hour Division, 29 CFR 778.113, 778.114 and 778.308(a). These rules and regulations specifically require that an employment agreement set forth the regular hourly rate of pay and the formula for determining that rate of pay if it is not specified. We find no similar language in the Oregon Wage and Hour Commission rule nor any language which would

---

[3] *See, e.g., Marshall v. R & M Erectors, Inc.,* 429 F Supp 771, 780 (D Del 1977); *Brennan v. Carl Roessler, Incorporated,* 361 F Supp 229, 233 (D Conn 1973); *Hodgson v. Elm Hill Meats of Kentucky, Inc.,* 327 F Supp 1009, 1014 (ED Ky 1971).

[4] *Wirtz v. Leon's Auto Parts Company,* 406 F2d 1250 (5th Cir 1969); *Triple 'AAA' Company v. Wirtz,* 378 F2d 884 (10th Cir 1967); *Brennan v. Valley Towing Co., Inc.,*515 F2d 100 (9th Cir 1975).

prohibit an employer and employe from entering into an agreement for a monthly salary which clearly anticipates a work week of more than 40 hours, where, as here, the minimum wage requirement is met.

Affirmed.